## HENRY KUPFER, Respondent, v. MARY FRANK, Appellant, Impleaded, etc.

*Judgment — an execution cannot be issued upon it until it has been docketed — the five years, within which an execution must issue, are to be computed from that time.*

Appeal from an order made at a Special Term, denying a motion to vacate an injunction.

This is an action in the nature of a creditor's bill, founded upon a judgment and an execution issued and returned *nulla bona*, and it seeks assets of the appellant to be applied upon such judgment. The assets consist of a claim against the Mutual Life Insurance Company, arising upon a policy of insurance in the name of the appellant on the life of her husband. The only question that seems to have been presented at Special Term was whether the complaint shows an execution duly issued within five years from the time the judgment was rendered. The allegations of the complaint are sufficient upon that question to show the issuing of an execution within that time; but it is shown by affidavit that the judgment was for deficiency arising upon the sale of mortgaged premises in an action of foreclosure, and it is also shown that the judgment of foreclosure and sale was rendered on the 5th day of September, 1876, and that on the 25th day of October, 1876, the referee's report of sale was made in the action bearing date on that day, which shows a deficiency, for which judgment was docketed on the 22d of January, 1878.

The court at General Term said: "If such docketing was the entry of the judgment within the meaning of the Code, then the issuing of the execution on the 13th of December, 1882,

was within five years. The Code provides (sec. 1375) that executions may issue, of course, at any time within five years after the entry of the judgment, and by section 1365 that an execution against property can be issued only to the county, in the clerk's office of which the judgment is docketed.

" We are inclined to think that the court below was correct in construing these sections as authorizing the issuing of execution in this case. On the filing of the referee's report of deficiency, the judgment declaring the liability of the defendants for such deficiency was not brought to a condition in which execution could issue ; therefore something more was necessary to be done, and we are of opinion that the sections referred to, of the Code, are intended to limit the time within which executions may issue of course upon any judgment, to the period of five years after the right to issue the same has fully accrued. In this case, the right did not accrue until the judgment was duly docketed, and that not having been done until the time above named, the execution is shown upon the facts to have been issued within five years." * *

*A. R. Dyett*, for the appellant.

*Ezra A Tuttle*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Order affirmed, without costs.